ELROY WATTS V. THE STATE.

No. 23158. Delivered June 27, 1945.

The opinion states the case.

*Allred & Allred,* of Hillsboro, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment, three years in the penitentiary.

That appellant killed deceased by stabbing her with a knife is not disputed. According to the State's witnesses, the killing was unprovoked and unjustified.

According to the appellant, the killing was in self-defense against the attack of deceased with a knife.

There was testimony showing—and State's counsel admitted—that deceased bore the reputation of being a violent and dangerous woman; there was testimony showing that at the time of the killing deceased was then under indictment for the murder of another woman by stabbing her with a knife; also there· was testimony showing that on an' occasion about six weeks prior to the killing, deceased had made an attack on the appellant with a knife and was prevented from inflicting an injury to him by the interference of others—all of which facts were well known to the appellant at the time of the killing.

Appellant sought a continuance because of the absence of the witness Pete Tony, who at that time was out of the State and in the Army, and Mary Jo Jones, who reside in the State of Arizona.

By the witness Pete Tony, appellant expected to prove the transaction occurring about six weeks prior to the killing when the deceased attacked him with a knife. Three other witnesses, all present at that time, testified fully to that transaction, which was not in any manner denied or contradicted by the State.

By the witness Mary Jo Jones, the appellant expected to prove that some time prior to the killing, deceased attacked the witness with a knife. Such testimony was cumulative of other

testimony showing the dangerous and violent character of the deceased.

Several reasons exist why the trial court did not err in failing to grant a new trial because of the absence of the witnesses mentioned, chief among which is that the trial judge was authorized to conclude—in view of all the testimony—that had such absent testimony been before the jury a more favorable verdict to the appellant would not have resulted. Wiley v. State, 117 Tex. Cr. R. 449, 36 S. W. (2d) 495.

The trial judge did not abuse his discretion in overruling the motion for a new trial because of the motion for continuance.

By exception to the charge, as well as special requested charge, appellant sought to have the issue of self-defense from a milder attack submitted to the jury, as provided by Article 1224, P. C.

The facts presenting the question of self-defense showed only a deadly attack—that is, that the deceased was making an attack upon the appellant with a knife. The conclusion is reached, therefore, that the facts did not raise the defense of a milder attack and a charge thereon was not called for. Jones v. State, 125 Tex. Cr. R. 454, 69 S. W. (2d) 65.

Other exceptions appearing in the record, having been examined, are overruled without discussion.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.